UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMILYA SADDIYA VANN**
        **Petitioner,**

v.                                                         **Civil Action No. 2:05cv725**
                                                                     **Criminal Action No. 2:04cr173**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## ORDER AND OPINION

Currently before the court is Jamilya Saddiya Vann's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that (1) pursuant to United States v. Booker, 125 S.Ct. 738 (2005), her sentence was unconstitutional because it was based on facts not found by a jury and (2) she suffered from ineffective assistance of counsel based on her attorney's failure to explain the legal proceedings and the plea agreement and failure to follow through on a Rule 35 motion for a reduction in her sentence. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Vann's petition is **DENIED**.

### I. Factual and Procedural Background

On September 8, 2004, petitioner waived indictment and pled guilty pursuant to a written plea agreement to a two count criminal information charging the petitioner with the following: Count One - possession with intent to distribute five grams or more of cocaine base, in violation of Title

21, United States Code, Sections 841(a) and (b)(1)(B)(iii), and Count Two - possession of a firearm and ammunition after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1). A date for sentencing was set and a presentence report was prepared by the Probation Office of this court.

The Probation Officer calculated the petitioner's criminal offense level as 34 and her criminal history category as III. On December 7, 2004 at the sentencing hearing, the petitioner objected to not receiving three points for acceptance of responsibility. The court found that the petitioner should receive the three point reduction for acceptance, and accordingly reduced her criminal offense level to a 31. Thus, the relevant sentencing range was 135 to 168 months. The court sentenced the petitioner to 135 months on Count One and 120 months on Count Two, to be served concurrently. The petitioner did not appeal this sentence. On December 5, 2005, the petitioner filed the instant motion. Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b). Thus, this matter is now ripe for review.

## II.  Standard of Review

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255.

Typically, in order to obtain relief on collateral review on issues not raised on appeal, a petitioner must meet the two-part "cause and actual prejudice" test. United States v. Frady, 456 U.S.

152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 890 n. 1 (4th Cir. 1994). Under that test, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which [s]he complains." Frady, 456 U.S. at 167-68. However, in this case, other than her Booker argument, the only issue raised by the petitioner is ineffective assistance of counsel. Courts have repeatedly held that a claim of ineffective assistance of counsel may be properly brought in a section 2255 motion without meeting the Frady "cause and actual prejudice" test. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991); see also Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696 (2003).

### III. Discussion

The petitioner argues that (1) pursuant to United States v. Booker, 125 S.Ct. 738 (2005), her sentence was unconstitutional because it was based on facts not found by a jury and (2) she suffered from ineffective assistance of counsel based on her attorney's failure to explain the legal proceedings and the plea agreement and failure to follow through on a Rule 35 motion for a reduction in her sentence. For the reasons set forth below, the court finds that the petitioner's claims are without merit.

**A.     Ineffective Assistance of Counsel**

The Sixth Amendment provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const., amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish a claim for ineffective assistance of counsel, a defendant must prove both (1) that her attorney's conduct fell below an objective

standard of reasonableness, and (2) that the attorney's deficient performance caused her prejudice. Id. at 687-91. To show deficient performance, the petitioner must show that she received deficient legal representation, measuring the competency of her counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).

A claim that the attorney's performance was below average is insufficient to show deficiency; "rather, the attorney's actions must fall below the wide range of professionally competent performance." Griffin v. Warden, Md. Corr. Adjustment Ctr., 970 F.2d 1355, 1357 (4th Cir. 1992). Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000), aff'd, 2001 WL 474684 (4th Cir. 2001) (citing Strickland, 466 U.S. at 688-89). Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The court need not make a determination concerning the attorney's performance under the first prong of the Strickland test where it is clear that no prejudice would have resulted even if the attorney's representation had been deficient. Id. at 697.

Furthermore, the petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel are binding on the petitioner absent "clear and convincing evidence to the

4

contrary." Fields, 956 F.2d at 1299; accord Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) ("When a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the test is slightly modified. Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial.'") (quoting Lockhart, 475 U.S. at 59).

In this case, the petitioner gives two reasons why she believes her counsel, Timothy Anderson, was ineffective. The petitioner claims that her attorney 1) failed to adequately explain the legal proceedings and the plea agreement and 2) failed to follow through on a Rule 35 motion for a sentence reduction. With regard to the petitioner's first argument, the petitioner has not provided any specific facts to support her conclusory claim that her attorney failed to explain the proceedings or the plea agreement. Furthermore, she fails to address how she was prejudiced by such alleged failures. Thus, she is unable to meet the two prong Strickland test.

Moreover, the petitioner's answers to the court's questions during the plea colloquy contradict her claim. Specifically, the petitioner answered affirmatively to the following questions:

- Have you read the plea agreement?
- Has your counsel fully explained the plea agreement to you?
- Before signing the plea agreement, did you read and understand each page?
- Have you had the opportunity to discuss your case with your attorney, Mr. Anderson?
- Have you discussed all the facts in the case with your attorney?
- Are you satisfied that your attorney has fully considered all the facts and discussed with you any possible defenses that you may have to the charges against you?

By answering affirmatively to the above questions, the petitioner admitted that she understood the plea agreement and made no indication to the court that she had any questions about the proceedings or the plea agreement.

Furthermore, even if the petitioner felt that she still did not understand the plea agreement

5

even after her attorney had explained it to her, the court corrected any confusion at the plea colloquy. In United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995), the Fourth Circuit declared that even if an attorney gave erroneous advice to a defendant, so long as the district court "corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." Foster, 68 F.3d at 88.

Although the petitioner has not identified any erroneous information that her attorney gave her in the present case, any misunderstanding on the part of the petitioner was clarified during the plea colloquy. The court went through all pertinent sections of the plea agreement with the petitioner and specifically explained them to her. Thus, even if the petitioner did not feel that her attorney had adequately explained the plea agreement to her, the alleged confusion was corrected during the court's colloquy with the petitioner. Therefore, the plaintiff is unable to show that her attorney's alleged failure to explain the proceedings or plea agreement caused her prejudice. Accordingly, her claim is without merit.

With regard to the petitioner's claim that her attorney was ineffective because he failed to follow through with a Rule 35(b) motion for reduction of sentence, the petitioner's claim is also without merit. The Fourth Circuit recently held that "neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)." United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005). The Fourth Circuit explains:

> [I]f the right to counsel does not attach to discretionary proceedings challenging the legality of a sentence or conviction, in which the defendant and the Government are clearly engaged in an adversarial relationship, there appears little to justify holding that a convicted inmate has a right to counsel with respect to proceedings brought by the government for the purpose of requesting the sentencing court to reduce that inmate's sentence as compensation for the provision of information useful to an ongoing government investigation or prosecution.

Id.(citing United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996)).

Thus, the petitioner's claim that she suffered ineffective assistance of counsel based on her attorney's failure to follow through with a Rule 35 motion is without merit.

Furthermore, a government motion is required to trigger consideration of a reduction pursuant to Rule 35(b). A downward departure cannot be given, absent a motion by the government, unless the defendant can show that a refusal to file a motion is based upon an unconstitutional motive or is not rationally related to a legitimate government objective. Wade v. United States, 504 U.S. 181, 184-87 (1992). As the defendant has made no showing that the decision of the government not to file a motion for a reduction in sentence is unconstitutionally motivated or is not rationally related to a legitimate government objective, the court cannot grant the petitioner the relief she seeks. Accordingly, the petitioner's ineffective assistance of counsel claim is denied.

**B.    Booker**

The petitioner also argues, pursuant to United States v. Booker, 125 S.Ct. 738 (2005), that her sentence was unconstitutional because it was based on facts not found by a jury. Although the petitioner does not specifically identify the facts to which she objects, the court assumes that she is referring to the drug weights that the court used to determine her criminal offense level and the obstruction of justice enhancement.

However, the petitioner's argument is without merit because the Fourth Circuit held that, although Booker announced a new rule, it is not retroactive on collateral review. See also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). The petitioner was sentenced on December 7, 2004. Because she did not appeal, her conviction became final ten days later. The

Supreme Court decided <u>Booker</u> on January 12, 2005. Thus, the petitioner's conviction became final prior to the <u>Booker</u> decision. Hence, the petitioner's reliance upon the rule outlined in <u>Booker</u> is misplaced. Accordingly, the petitioner's <u>Booker</u> claim must be denied.

### IV. Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

March 20, 2006
Norfolk, Virginia